# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

2019 ND 90

---

In the Matter of the Application for
Disciplinary Action Against Cindy L.
Turcotte, a Person Admitted to the Bar
of the State of North Dakota

----------

Disciplinary Board of the Supreme Court
of the State of North Dakota,                                    Petitioner

      v.

Cindy L. Turcotte,                                                        Respondent

---

No. 20190042

---

Application for Discipline.

REPRIMAND ORDERED.

**Per Curiam.**

[¶1]   The Court has before it the findings of fact, conclusions of law, and recommendations of a hearing panel of the Disciplinary Board recommending Cindy L. Turcotte be reprimanded by this Court and pay the costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct.  We accept the hearing panel's findings, conclusions, and recommendations.

[¶2]   Turcotte was admitted to practice law in North Dakota on September 28, 2015. She was licensed to practice in New Mexico.  On July 30, 2018, we suspended Turcotte from the practice of law for six months and one day effective August 15, 2018, for her failure to competently and diligently represent five clients. *Disciplinary*

*Board v. Turcotte*, 2018 ND 188, 915 N.W.2d 848. She has not been licensed in North Dakota since her suspension.

[¶3] The record reflects that on September 6, 2018, a summons and petition for discipline were filed and the Clerk of the Supreme Court was served the summons and petition for discipline. On September 13, 2018, Assistant Disciplinary Counsel advised the Clerk that efforts to locate Turcotte had been exhausted and the required service of Turcotte under N.D.R. Lawyer Discipl. 4.4(B) was effectuated on the Clerk as Turcotte's agent for service of process under Admission to Practice Rule 1(A)(3). On January 16, 2019, Assistant Disciplinary Counsel filed a motion for default. Turcotte failed to answer the petition and motion, and she is in default. The charges in the petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).

[¶4] Turcotte maintained a civil and criminal law practice in Williston. On November 28, 2017, Turcotte notified the Clerk of the Supreme Court, the Northwest District Judges, and other court staff by email that she was taking a medical leave of absence from the practice of law from November 20, 2017, until February 28, 2018. Turcotte did not provide information or background to those she contacted to assist with the handling of her cases. She made little to no effort within her clients' cases to ensure they were adequately represented during her absence. Turcotte represented a client in Williams County and in December 2017, instructed her client to obtain discovery from the Williams County State's Attorney for the client's case and for multiple other clients' cases. Turcotte made no effort to ensure her other clients' confidential information relating to her representation was preserved. The hearing panel found Turcotte's actions with regard to taking a leave of absence and with regard to obtaining discovery demonstrated a lack of competence.

[¶5] Turcotte failed to pay her 2018 license fee until January 17, 2018. During January 1, 2018, through January 17, 2018, Turcotte represented clients in legal matters, which the hearing panel found was the unauthorized practice of law.

2

[¶6] The hearing panel concluded Turcotte's conduct violated N.D.R. Prof. Conduct 1.1, Competence, by failing to represent her clients with the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation, and N.D.R. Prof. Conduct 5.5, Unauthorized Practice of Law, by practicing law in a jurisdiction where doing so violated the regulation of the legal profession in that jurisdiction.

[¶7] When considering an appropriate sanction, the hearing panel considered the aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22 of a prior discipline history, multiple offenses, and substantial experience in the practice of law. The hearing panel concluded Turcotte's conduct falls within the guidance provided by N.D. Stds. Imposing Lawyer Sanctions 4.53 and 7.3, and it recommended she be reprimanded by the Supreme Court. It also recommended Turcotte pay the costs and expenses of these disciplinary proceedings in the amount of $250.

[¶8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the hearing panel's findings of fact, conclusions of law and recommendations were due within 20 days of the service of the report of the hearing panel. No objections were received. We considered the matter, and

[¶9] **ORDERED**, that the findings, conclusions, and recommendation for discipline are accepted.

[¶10] **IT IS FURTHER ORDERED**, that Cindy L. Turcotte is reprimanded.

[¶11] **IT IS FURTHER ORDERED**, that Turcotte pay the costs and expenses of these disciplinary proceedings in the amount of $250 within 90 days of entry of the judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505-0530.

[¶12]   Gerald W. VandeWalle, C.J.
        Jon J. Jensen
        Lisa Fair McEvers
        Jerod E. Tufte
        Daniel J. Crothers

4